UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60565-CIV-HUCK/O'SULLIVAN

ALLEN F. STEWART and
T.A.S., a minor,

      Plaintiffs,

v.

ELIZABETH O'NEIL LASTAITI,
JOHN LAWRENCE SULLIVAN,
SUSAN GREENHAWT, and
JENNIFER SARAH WALKER,

      Defendants.
_____/



**CLOSED CIVIL CASE**

## ORDER OF DISMISSAL

This cause is before the Court on a *sua sponte* review of Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief (Doc. #1), filed *pro se* on April 13, 2010. Upon consideration of the Complaint and for the reasons stated below, the case is dismissed for lack of subject matter jurisdiction.

**I.    Background**

Allen Stewart and Jennifer Walker are the unwed biological parents of T.A.S., a minor born on February 1, 2003 in Broward County, Florida. On February 3, 2003, Stewart and Walker executed an Acknowledgement of Paternity at Memorial Regional Hospital in Broward County. Walker later moved to Massachusetts with T.A.S. and refused to return T.A.S. to Florida. In 2004, Walker filed a Complaint to Establish Paternity in a Massachusetts court, seeking custody and child support. Years of litigation ensued in both Massachusetts and Florida courts, with Stewart arguing that the Massachusetts court lacked jurisdiction to enter custody or child support orders. Under the Parental Kidnaping Prevention Act (PKPA), 28 U.S.C. § 1738A, and the Full Faith and Credit for Child Support Orders Act (FFCCSOA), 28 U.S.C. § 1738B, state courts must give full faith and credit to another state's judicial determinations regarding custody and support, and the first state has continuing, exclusive jurisdiction to make such

determinations as long as certain requirements are met. According to Stewart, the Florida Acknowledgement of Paternity served as the legal equivalent of a court determination regarding custody and child support and vested Stewart and Walker with co-equal custodial rights and duties of financial support. Stewart argued that the Acknowledgement of Paternity therefore vested Florida with continuing, exclusive jurisdiction to modify determinations of custody and child support pursuant to the PKPA and the FFCCSOA.[1] Courts in both Massachusetts and Florida, however, apparently rejected Stewart's arguments and determined that Massachusetts had proper jurisdiction.

Stewart has now brought suit against Walker; Elizabeth LaStaiti, the judge who presided over the case in Massachusetts; John Sullivan, Walker's attorney in the Massachusetts case; and Susan Greenhawt, the Administrative Judge of the Unified Family Court in the 17th Judicial Circuit in Broward County, Florida. Stewart asks the Court to (1) declare the judicial and custodial effect of an Acknowledgment of Paternity; (2) enforce Stewart and Walker's Acknowledgment of Paternity under the PKPA and the FFCCSOA; and (3) enjoin LaStaiti, Sullivan, and Walker from litigating the issues of custody, support, or visitation over T.A.S. in Massachusetts.

**II.    Discussion**

    **A.    The Court Lacks Subject Matter Jurisdiction**

District courts are courts of limited jurisdiction. *Univ. of S. Alabama v. Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). They are empowered only to hear those cases within the judicial power of the United States as defined by Article III of the United States Constitution, and for which there has been a congressional grant of jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *Amer. Tobacco*, 168 F.3d at 409. A district court has an obligation to "insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith*, 236 F.3d at 1299; *see also* Fed. R. Civ. P. 12(h)(3).

Stewart alleges two bases for subject matter jurisdiction. Stewart first asserts that the Court has subject matter jurisdiction to enforce compliance with the PKPA and the FFCCSOA. However, the Supreme Court has unambiguously held that full faith and credit statutes such as

---

[1] Stewart refers to both Acts simply as the Parental Kidnaping Prevention Act.

the PKPA and the FFCCSOA do not create a federal cause of action. *See Thompson v. Thompson*, 484 U.S. 174, 182 (1988) ("[T]he Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action."). For support, Stewart cites cases in which the Fifth and Third Circuits determined that federal district courts had jurisdiction to enforce compliance with the provisions of the PKPA. *See Heartfield v. Heartfield*, 749 F.2d 1138 (5th Cir. 1985); *Flood v. Braaten*, 727 F.2d 303 (3d Cir. 1984); *accord McDougald v. Jenson*, 786 F.2d 1465 (11th Cir. 1986). But those cases were decided before *Thompson* and were implicitly overruled by the Supreme Court in *Thompson*. *See, e.g.*, *Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1328 n.3 (S.D. Ala. 2002) (recognizing that *Thompson* overruled *McDougald*); *Thompson v. Sundholm*, 726 F. Supp. 147, 148 (S.D. Tex. 1989) (recognizing that *Thompson* overruled *Heartfield*). Following the Supreme Court's ruling in *Thompson*, the Court lacks subject matter jurisdiction to enforce compliance with the PKPA or the FFCCSOA.

Stewart also asserts that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1), which grants a district court original jurisdiction over cases where the amount in controversy exceeds $75,000 and the case is between "citizens of different States." However, § 1332 requires complete diversity between all plaintiffs and all defendants (i.e., none of the plaintiffs are residents of the same state as any of the defendants). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, Plaintiff Stewart and Defendant Greenhawt are both residents of Florida. Therefore, there is not complete diversity of citizenship, and the Court lacks jurisdiction under § 1332.

### B. The *Rooker-Feldman* Doctrine Would Deprive the Court of Jurisdiction

Even if there were a proper basis for subject matter jurisdiction, the *Rooker-Feldman* doctrine would deprive the Court of jurisdiction. The *Rooker-Feldman* doctrine is a jurisdictional bar to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine prohibits the federal district courts from reviewing final decisions of state courts in judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Such review is within the exclusive province of the Supreme Court of the United States. *See* 28 U.S.C. § 1257(a).

Stewart lost at all levels of the Massachusetts court system before bringing this lawsuit. *See, e.g.*, *Walker v. Stewart*, 452 Mass. 1105 (2008) (denying Stewart's appeal from Appeals Court of Massachusetts); *Walker v. Stewart*, 72 Mass. App. Ct. 1108 (denying Stewart's appeal from Probate and Family Court).[2] Stewart now asks this Court to reject the judgments of the Massachusetts state courts. *See* Complaint ¶ 30 ("Stewart, has exhausted all available means at the State level to establish [the legal effect of the Acknowledgement of Paternity], and individually and on behalf of his son T.A.S., seek a definitive declaration to permanently quash this controversy and appropriate injunctive relief to restrain the further unlawful exercise of jurisdiction in Massachusetts."). This case, therefore, falls squarely within the prohibitions of the *Rooker-Feldman* doctrine and must be dismissed.[3]

### III. Conclusion

For the reasons stated above, it is hereby ORDERED that the Complaint is DISMISSED for lack of subject matter jurisdiction. All pending motions are DENIED as moot, and the case is CLOSED.

DONE and ORDERED in Chambers, Miami, Florida, May 17, 2010.

Paul C. Huck
United States District Judge

**Copies furnished to:**
Allen F. Stewart, *pro se*
1119 NW 11th Place
Fort Lauderdale, FL 33311-6153

---

[2] Stewart even sought review by the U.S. Supreme Court without success. *Stewart v. Walker*, 129 S. Ct. 1352 (2009) (denying petition for writ of certiorari).
[3] The Court also notes that even if it had jurisdiction, it would be prohibited by the Anti-Injunction Act from granting the injunctive relief Stewart seeks against further state court proceedings in Massachusetts. *See* 28 U.S.C. § 2283.